

# NUMBER 13-13-00175-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EVERETT LOUIS KELLEY**
**A/K/A EVERETT SAM KELLEY,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Everett Louis Kelley, a/k/a Everett Sam Kelley, was convicted of the offense of theft (greater than or equal to twenty thousand dollars, but less than one hundred thousand dollars), a third-degree felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(5) (West, Westlaw through 2013 3d C.S.). After a jury found appellant guilty, the trial court assessed punishment at life imprisonment in the Texas Department of

Criminal Justice, Institutional Division.[1]   By one issue, appellant argues the trial court improperly limited the defense's voir dire by disallowing one of defense counsel's voir dire questions.   We affirm.

## I.   BACKGROUND

During voir dire, defense counsel told the venire panel there are two types of potential jurors: (1) jurors who do not have a problem with the presumption of innocence, and (2) jurors who have a problem with the presumption of innocence and who, upon seeing a person accused of a crime, are unable to presume him innocent.   The following voir dire excerpt occurred directly after defense counsel laid out this distinction:

| | |
|---|---|
| [Defense]: | Is there anybody who would put themselves in the latter category that have a problem with the presumption of innocence . . . [a]nybody in row one? |
| Venire: | No. |
| [Defense]: | In row two?   In row three?   In row four?   Mr. Smith? |
| [Mr. Smith]: | Yeah. |
| [Defense]: | What are your feelings on the presumption of innocence?   I don't mean to pick on you. |

The State objected, arguing that the question of how the individual venire member felt about the presumption of innocence was an improper commitment question.   At a discussion at the bench, defense counsel explained that he wanted to ask the individual jurors how they felt about the presumption of innocence to discern whether they could apply it.   The trial court sustained the State's objection, explaining to defense counsel

---

[1] Appellant pleaded true to eight prior felony convictions, which enhanced his punishment to life imprisonment.   *See* TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through 2013 3d C.S.).

that the court would not allow him to ask the individual jurors how they personally felt about presumption of innocence. The trial court, however, thereafter told defense counsel that he could ask the jurors, even individually, if they could apply the presumption of innocence.

Defense counsel subsequently asked venire person Smith, "Can you follow that law [the presumption of innocence]?" When Smith affirmed he could, defense counsel probed, "Is there anything about that law that you couldn't follow?" Smith answered, "No." Defense counsel turned his attention to the entire panel, asking, "Anybody else with the same question?" No verbal response appears in the record, and defense counsel continued,

> [T]he bottom line is if you can't, then it's not fair to anybody that if you can't do that. And that's why, you know, that's why we went over that people have strong feelings about that because I know, because I know I do. I have family members that do. You know, it's hard when you read the paper or when you hear gossip at the coffee shop or when you hear people talk about different things not to have a preconceived notion of what in one particular case or the other with the presumption of innocence. And that's okay. That means you're human.

> And that's all we're trying to do is elicit that, trying to figure out if there's anybody here and it's not a bad thing.

## II.  SCOPE OF VOIR DIRE

By his sole issue on appeal, appellant asserts that the trial court abused its discretion by limiting voir dire and that he was thereby deprived of the ability to intelligently select jurors and exercise his preemptory strikes.

## A.  Standard of Review and Applicable Law

We review a trial court's decision as to the propriety of a particular voir dire question under an abuse of discretion standard. *Barajas v. State*, 93 S.W.3d 36, 38

3

(Tex. Crim. App. 2002) (en banc) (citing *Allridge v. State*, 762 S.W.2d 146, 167 (Tex. Crim. App. 1988)); *Faulder v. State*, 745 S.W.2d 327, 334 (Tex. Crim. App. 1987). We uphold the trial court's ruling so long as it was within the zone of reasonable disagreement and correct under any theory of law applicable to the case. *Winegarner v.* State, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007) (citations omitted).

Upon finding error, we only reverse if the error affected a substantial right of the defendant. TEX. R. APP. P. 44.2(b); *see, e.g., Woods v. State*, 152 S.W.3d 105, 109 (Tex. Crim. App. 2004) (en banc); *Rachel v. State*, 917 S.W.2d 799, 815 (Tex. Crim. App. 1996) (en banc). The Texas Court of Criminal Appeals has held that there is no harm where the record reflects that counsel was able to ask venire members a question that was "essentially the same" as a denied question or elicited the same information that the denied question sought to elicit. *See Woods*, 152 S.W.3d at 110; *Rachel*, 917 S.W.2d at 815.

### III.    DISCUSSION

Assuming, without deciding, the question was proper and the trial court erred by denying appellant the right to ask it, we conclude any error was harmless. *See* TEX. R. APP. P. 44.2(b); *Woods*, 152 S.W.3d at 109–10; *Rachel*, 917 S.W.2d at 815. Even though defense counsel was not allowed to ask venire members how they "felt" about the presumption of innocence, he was nevertheless allowed to ask whether they could apply the law, which, according to defense counsel, was the purpose underlying the disallowed question. It is unclear from the record whether defense counsel pursued his question to a response or continued outlining applicable law, but counsel's failure to solicit a response from the panel or the individual panel members does not render the disallowance of one

4

form of the question harmful; the trial court afforded defense counsel ample opportunity to inquire of the panel members whether they could apply the presumption of innocence. Accordingly, appellant was not harmed by the trial court's disallowance of one form of the question. *See Woods*, 152 S.W.3d at 110 (holding trial court's denial of a proper question did not have a substantial or injurious effect or influence in determining jury's verdict where defense counsel was able to ask venire member essentially the same question as the one previously denied).

Notably, venire member Smith, whom defense counsel originally asked regarding his feelings toward the law, stated he would follow the law. Smith did not ultimately serve on the jury. All other venire members stated they would follow the law with regard to the presumption of innocence. Based on this record, we conclude the error, if any, in sustaining the State's objection and requiring defense to rephrase the question was harmless. *See id.* We overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of August, 2014.